EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| KELLY PRATT, as surviving Wife of DEREK M. PRATT, Deceased | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.    25-cv-00853 |
| GAMING AND LEISURE PROPERTIES, INC., and, PENN ENTERTAINMENT, INC. | ) ) ) ) | Jury Trial Demand |
| Defendants. | ) ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Kelly Pratt, by and through her attorneys, Cook Law, LLC, and Adam M. Altman, Ltd., and for her First Amended Complaint against Defendants Gaming and Leisure Properties, Inc., and PENN Entertainment, Inc., states as follows:

## PARTIES

1.      At all times relevant to this cause of action, Plaintiff Kelly Pratt (the "Plaintiff") is, and was, a resident of St. Louis County, Missouri.

2.      Plaintiff is the wife of the Decedent, Derek M. Pratt.

3.      Upon information and belief, at all times relevant to this cause of action, Defendant Gaming and Leisure Properties, Inc. ("Gaming and Leisure") was a Pennsylvania corporation, legally operating in Missouri.

4.      Upon information and belief, at all times relevant to this cause of action, Gaming and Leisure owned the property known as River City Casino (the "Casino Property"), 777 River City Casino Blvd, St. Louis, MO 63125.

5.      Upon information and belief, at all times relevant to this cause of action, Defendant PENN Entertainment, Inc. ("PENN Gaming") leased the Casino Property from Gaming and Leisure, for the purpose of operating the Casino Property for commercial purposes.

## FACTS COMMON TO ALL COUNTS

6.      On May 4, 2022, officers from the St. Louis County Police Department (the "SLCPD") were conducting an investigation on and around the Caino Property.

7.      During that time, at least two SLCPD patrol vehicles were located in a parking lot on the Casino Property.

8.      On May 4, 2022, at approximately 4:45 pm, while still located on the Casino Property, an SLCPD officer driving one of the patrol vehicles began a high-speed pursuit of Marc O. Gardner, who was driving the Hyundai Sonata.

9.      On May 4, 2022, at approximately 4:45 pm, while still located on the Casino Property, another SLCPD officer, driving another of the patrol vehicles, also engaged in the high-speed pursuit of Marc O. Gardner.

10.    On May 4, 2022, at approximately 4:45 pm, the SLCPD high-speed chase of the Hyundai Sonata continued eastbound on River City Casino Boulevard toward South Broadway Street.

11.    The high-speed chase continued toward the intersection of River City Casino Boulevard and South Broadway Street, in St. Louis City.

12.    On May 4, 2022, at approximately 4:45 pm, the Hyundai Sonata driven by Marc O. Gardner, crashed violently into a Dodge pickup truck, driven by Derek M. Pratt.

13.    The Dodge pickup truck driven by Derek M. Pratt went airborne and rolled side over side while fully off the ground.

14.    On information and belief, Derek M. Pratt was ejected from his Dodge pickup truck, after the impact from the Hyundai Sonata. Derek M. Pratt, the father of three children, died from the injuries that he suffered from the high-speed chase that began on the Casino Property.

15.    Defendants knew or should or should have known that SLCPD was conducting investigations on the Casino Property because Defendants authorized SLCPD to conduct this and other investigations on the Casino Property.

16.    Defendants knew or should have known that the SLCPD investigations, which Defendants permitted on Casino Property, would ripen into a dangerous incident that would likely result in severe bodily harm or death, to one or more individuals.

17.    The primary suspect that the SLCPD were pursuing, Marc O. Gardner, who was driving the Hyundai Sonata, had a criminal conviction for fleeing and eluding police officers while possessing illegal narcotics and a weapon. *State of Missouri v. Marc O. Gardner*, 1822-CR01915-01 (Aug. 10, 2018).

18.    In addition to this SLCPD investigation, for the three-year time period between May 2019 and May 2022, SLCPD reported at least 269 criminal incidents at the

3

Casino Property, these crimes ranged from larceny and destruction of property, to drug violations and robbery.

19.　Hence, Defendant knew that criminal activity was rampant at the Casino Property, and despite knowing of these dangers, Defendants provided no additional security to ensure the safety of people in and around the Casino Property, while SLCPD conducted investigations and pursued suspects.

20.　The Plaintiff's damages resulted from the negligent acts or omissions of Defendants.

21.　On May 25, 2022, Plaintiff filed a petition for damages, in which she named St. Louis County Board of Police Commissioners, the St. Louis County Police Department, and members of the SLCPD as defendants. *Kelly Pratt v. The County of St. Louis, et al.*, 2222-CC00856.

22.　On March 9, 2023, the Missouri state court dismissed the cause without prejudice, finding in-part that sovereign immunity barred the action. No Casino Defendants were a party to that matter, and the Missouri court never considered whether Defendants in this cause had any liability for the death of Derek Pratt.

### <u>COUNT I – WRONGFUL DEATH AND NEGLIGENCE</u>

23.　Plaintiff incorporates by reference and re-alleges paragraphs 1 through 24 above, as if fully stated herein.

24.　Plaintiff is the wife of the deceased, Derek M. Pratt, and is in a class of individuals authorized to pursue a wrongful death claim against the corporate Defendants.

4

25.     Defendants, through their employees, negligently maintained and operated the Casino Property, and invited SLCPD onto the Casino Property to conduct unreasonably dangerous investigative activities

26.     As a result of Defendant's actions, they created a foreseeable risk to Plaintiff.

27.     As a direct and proximate result of the Defendant's negligence, Plaintiff lost the love and affection of her husband, Decedent Derek Pratt.

28.     As a direct and proximate result of Defendants' negligence, Plaintiff has been, and in the future will be, deprived of love, affection, companionship, services, and support because of the untimely and wrongful death of her husband, Decedent Derek Pratt.

29.     Had Defendants maintained and operated the Casino Property in a reasonably prudent manner, Decedent would have been safe.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendants, in an amount that is fair and reasonable in excess of $25,000.00, plus the costs of this action, and for such other relief as the Court deems just and proper.

COOK LAW, LLC

BY: */s/Matthew P. Cook*

Matthew P. Cook, Atty. #62815
Cook Law, LLC
2885 Sanford Ave SW #42270
Grandville, MI 49418
(314) 200-5536
Cookmp21@yahoo.com

Adam M. Altman, Ltd.
(***pro hac vice* admission pending**)
ARDC #6310938
847 N. Hermitage Ave., Unit B

Chicago, IL 60622
(773) 426-6373
adam.altman@amalawltd.com