# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |
|---|---|
| KELLY PRATT, as surviving wife of DEREK M. PRATT, Deceased<br><br>  *Plaintiff,*<br><br>v.<br><br>GAMING AND LEISURE PROPERTIES, INC., and, PENN ENTERTAINMENT, INC.<br><br>  *Defendants.* | No. 4:25-cv-00853-MAL |

## MEMORANDUM & ORDER

Before the Court is Defendants Gaming and Leisure Properties, Inc. and Penn Entertainment, Inc.'s (together "Defendants") Motion to Dismiss First Amended Complaint (Doc. 31).  For the following reasons the Court **GRANTS** the motion.

## I.    Facts & Background[1]

Kelly Pratt brings this action on behalf of her deceased Husband, Derek Pratt (Decedent) (Doc. 30 at ¶¶ 1–2).  On May 4, 2022, St. Louis County Police Department (SLCPD) officers were conducting an investigation at River City Casino (Casino).[2]  *Id.* at ¶ 6.  While on the Casino property, an SLCPD officer began a high-speed pursuit of Marc Gardner.  *Id.* at ¶ 8.  Gardner had a criminal conviction for fleeing and eluding police officers while possessing illegal narcotics and a weapon.  *Id.* at ¶ 17.

---

[1] All facts pleaded in the complaint are assumed true when deciding a motion to dismiss under Rule 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 556 (2007).

[2] Pratt alleges Defendant Gaming and Leisure Properties, Inc. owned the Casino, and Defendant PENN Entertainment, Inc, leased the Casino Property from Defendant Gaming and Leisure  (Doc. 1 at ¶ 4).

Another SLCPD officer who was on the Casino property also engaged in the pursuit. *Id.* at ¶ 9.

During the chase, Gardner drove off of the Casino's property onto River City Casino Boulevard and violently crashed into the Dodge pickup truck Decedent was driving. *Id.* at ¶¶ 11–12; (Doc. 36 at 4–5). Decedent's truck went airborne, and Decedent was ejected from the truck (Doc. 30 at ¶ 13–14). Decedent died from the injuries he sustained in the car crash. *Id.* at ¶ 14.

Pratt sued Defendants for wrongful death (Doc. 30 at 4). Defendants removed the action to this Court from state court on June 11, 2025, based on diversity jurisdiction. 28 U.S.C. § 1332. Defendants now ask this Court to dismiss the action.

## II.    Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). This standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted).

This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. At this stage, the Court accepts as true the factual allegations in the complaint. *Id.*

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The well-pled facts must establish more than a "mere possibility of misconduct." *Id.*

## III.   Application of Law to Facts

Defendants move to dismiss, arguing that they owed no duty to Decedent because he was never on Defendant's property (Doc. 32 at 8–9). Because this argument is dispositive, the Court need not address Defendant's other arguments for dismissal.

### i.   Negligence Standard

For any negligence action, a plaintiff must establish that the defendant owed a duty of care to the plaintiff. *Harner v. Mercy Hosp. Joplin*, 679 S.W.3d 480, 484 (Mo. 2023). "A duty of care arises when there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Id.* (internal quotation marks omitted). Foreseeability is measured by whether or not a reasonably prudent person would have anticipated the danger and provided against it. *Id.*

Because criminal acts are rarely foreseeable, "[a]s a general rule, businesses have no duty to protect invitees from the criminal acts of unknown third persons." *Id.* There are two exceptions to this rule. *L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co., L.P.*, 75 S.W.3d 247, 257 (Mo. 2002). First, a duty may arise if a person known to be violent is present on the premises or a person is present who has conducted himself so as to indicate danger, and sufficient time exists to prevent injury. *Id.* Second, a duty may arise where there is a foreseeable likelihood that particular acts or omissions will cause harm or injury. *Id.* "However, both of these exceptions only relate to attack *on the premises*." *K.L.S. v. Union Pac. R.R.*, 575

S.W.3d 259, 266 (Mo. App. 2019) (quoting *Thiele v. Rieter*, 838 S.W.2d 441, 443 (Mo. App. 1992)) (cleaned up) (emphasis added).

### ii.    Application of Law to Facts

The Court begins with the general premise that a landowner generally does not owe its invitees a duty to protect them from negligent or criminal actions of third parties. *L.A.C. ex rel. D.C.*, 75 S.W.3d at 257. The two exceptions to this rule do not apply here because the accident did not occur on Defendants' property. *K.L.S.*, 575 S.W.3d at 266; (Doc. 30 at ¶¶ 11–14); (Doc. 36 at 4–5). Thus, Defendants did not owe Decedent a duty. *Id.*

Pratt makes three arguments in opposition, all of which fail. First, Pratt argues that a defendant's duty does not necessarily end at their property line but extends to adjacent areas where danger was likely to appear (Doc. 36 at 3), citing *Fincher v. Murphy*, 825 S.W.2d 890, 893 (Mo. App. 1992). This case is distinguishable because a combination of factors, which are not present here, made danger likely to appear. In *Fincher*, a union held a hotly contested election. *Id.* at 892. The union was on notice of a threat of violence and Defendant had been involved in previous altercations. *Id.* As the polls closed, union members lingered about the premises awaiting the results. *Id.* On the premises, members engaged in a good deal of drinking and their tempers were high. *Id.* at 892–93. Between 1:00 a.m. and 2:00 a.m., a union member got in his truck to report the results to union members gathered on the street. *Id.* at 893. While standing outside his truck, a fight ensued. *Id.* The Court held the union's duty did not end at the property line because union members were gathered on the public street in front of the building and adjacent lot because the basement where members normally met was closed because of the election, the sidewalk in front of the building was being replaced, the lawn in front of the building was torn up, and the lower parking lot was not yet finished. *Id.* Because of these reasons, the Missouri Court of Appeals held that "danger was likely to appear." *Id.*

The facts here are quite different. Simply because SLCPD conducted investigations on Casino property does not indicate that danger was likely to appear

off the Casino's campus, and certainly the Casino did not push the danger off its campus as the union did in *Fincher*. Simply being the site of past criminal incidents, as the Casino was, does not put Defendants on notice that danger was likely to appear on a public street outside the casino. *See K.L.S.*, 575 S.W.3d at 267 (distinguishing *Fincher* on the facts because unlike *Fincher*, Plaintiff's attacker was not known to Defendant and none of Defendant's employees could have prevented the attack).

Second, Pratt argues that in special circumstances, a business owner may have a duty to protect others from criminal attacks from unknown third persons (Doc. 36 at 4). Specifically, because the Casino experienced 269 criminal incidents on its property over the course of three years, Pratt argues that the Casino had a duty to keep people in and around the property safe. *Id.* Pratt suggests the Casino should have employed a more robust security team or coordinated with SLCPD to allow its members to investigate and pursual criminal assailants in a way that does not jeopardize the lives of victims (Doc. 36 at 5). But Pratt points to no authority showing that this principle applies when the plaintiff is not an invitee. *L.A.C. ex rel. D.C.*, 75 S.W.3d at 257–58 (discussing a mall's liability for criminal acts that took place on the mall's property to business invitees such as customers); *Madden v. C & K Barbecue Carryout, Inc.*, 758 S.W.2d 59, 63 (Mo. 1988) (discussing a business's duties when crimes occurred in its parking lot). Decedent was not a business invitee, as he was not on Defendants' property at the time of the incident (Doc. 30 at ¶ 11–12; Doc. 36 at 4–5). *See Crow v. Kansas City Power & Light Co.*, 174 S.W.3d 523, 534 (Mo. App. 2005) (noting that a business invitee is "a person who is invited to enter or remain on land for a purpose … connected with business dealings with the possessor of land.") (quoting Restatement (Second) of Torts, § 332 (1965)). This Court finds no authority suggesting that business owners owe a duty to protect others who were never on the business owner's property from third parties who have exited the owner's property.

Finally, Pratt argues that Defendants owed a duty of care to Decedent because Defendants assumed the duty of maintaining River City Boulevard. Pratt argues that Defendants assumed a duty because they maintain the lawns and gardens, signage, and lampposts of the street leading to the Casino (Doc. 36 at 4–5). First and

foremost, these allegations do not appear in Pratt's Operative Complaint and so cannot be considered. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("[T]he *complaint* must include sufficient factual allegations to provide the grounds on which the claim rests.") (emphasis added); *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.). Second, Pratt points to no authority suggesting that because Defendants maintain the lawns of River City Boulevard, they owe a duty to those driving on the street to keep them safe from police chases. Missouri courts do recognize that a defendant can assume a duty and be held liable for injuries caused by an unsafe performance of that duty. *Bowan ex rel. Bowan v. Express Med. Transporters, Inc.*, 135 S.W.3d 452, 457 (Mo. App. 2004). "However, a defendant's liability is no broader than the duty assumed." *Kraus v. Hy-Vee, Inc.*, 147 S.W.3d 907, 920 (Mo. App. 2004) (citing *Teichman v. Potashnick Constr., Inc.*, 446 S.W.2d 393, 400 (Mo. 1969) (en banc)). Pratt's Operative Complaint does not allege that Decedent's injuries arose because the Casino unsafely maintained the lawns of River City Boulevard. (Doc. 30). Because Defendants did not owe Decedent a duty, the Court dismisses Pratt's wrongful death claim.

## CONCLUSION

Defendants Gaming and Leisure Properties, Inc. and Penn Entertainment, Inc. (together "Defendants") Motion to Dismiss (Doc. 31) is **GRANTED**. The action is accordingly dismissed.

**SO ORDERED,**

This 7th day of July, 2026.

_Maria A. Lanahan_
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE